**Affirm and Opinion Filed July 19, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00480-CR**

**KELVIN JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-45815-P**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Bridges

Appellant Kelvin Jones appeals his conviction for criminal mischief and accompanying sentence of 25 years' imprisonment. In a single issue, appellant contends the evidence was insufficient to prove he was a party to the destruction of the air-conditioning units. We affirm.

### Background

Officer Greg Astfalk with the Richardson Police Department testified he received a call around 6:30 a.m. on October 2, 2011, a Sunday morning, that a tenant in an office building heard a noise on the roof. Astfalk met with the tenant, Darla Braun, who told him she heard footsteps along the roof and some kind of dragging sound. Braun provided Astfalk roof access from the interior of the building.

Astfalk stuck his head out through the roof access and, although it was still dark outside, he could see somebody moving across the roof. He radioed for additional officer assistance.

Satisfied the officers were positioned, Astfalk and two other officers (Officer Matthew Lynch and Officer Champion) went up onto the roof and began walking toward the person Astfalk had seen.

The person had not spotted the officers yet and was pacing the roof. As the officers came closer, they could see the person was dressed in all black and started running when he saw the officers. The officers commanded the man to stop, but he jumped over the edge of the roof and slid down a pipe. Officers on the ground apprehended the man.

After the man was detained, the three officers on the roof began searching the roof for others. Lynch testified the sun had come up by that point, and he located appellant, lying on his stomach up close to an air conditioning unit. Appellant was wearing dark clothing and dark-colored gloves. The officers placed appellant in handcuffs and, after getting appellant off of the roof, the officers searched the roof.

The officers found a "significant amount of damage to the AC units." Astfalk explained there were approximately 35 air conditioning units on the roof and almost all of them were torn apart. The metal coils had been removed and there were several of the five-foot coils folded in half and stacked. Braun testified no one had consent to be on the roof and cause the damage to the air conditioning units. While searching the roof, Lynch testified he also found a pair of bolt cutters and a backpack with a pry bar, socket wrench, and a socket set. The arresting officers did not see appellant damaging the units.

James Alcorn, an estimator and salesperson for Air Performance Service, also testified. Alcorn testified Air Performance Service does service, repairs, and replacement on air conditioning equipment. Alcorn was called out to the building in question in October 3, 2011. Alcorn explained several of the units had been damaged with the copper coils pulled out of them. Some of the coils were lying on the roof. Other units had been cut, but the copper "hadn't been

jerked out of the units yet." He agreed that a bolt cutter, pry bar and socket wrenches "are the types of items that could have used to cause the damage" he saw on the roof. Alcorn testified he prepared a proposal to replace the units with the exact same equipment in the amount of $210,359, pre-tax.

A jury found appellant guilty of criminal mischief, and the trial court assessed punishment at 25 years' imprisonment.

**Analysis**

In a single issue, appellant argues the evidence was insufficient to prove he was a party to the destruction of the air conditioning units. Specifically, appellant argues that while "he was undoubtedly a party to the theft of the copper, there is no showing that he was involved in damaging the units." Appellant emphasizes that the officers did not witness appellant damaging the air conditioning units and, without more, "the evidence not sufficient to establish that Jones actually committed the act of damaging the air conditioning units." We disagree.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326 ("a court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution").

In order to obtain a conviction, the State was required to prove beyond a reasonable doubt that appellant, without the effective consent of the owner, intentionally or knowingly tampered with the tangible property of the owner and caused pecuniary loss or substantial inconvenience to the owner or a third person. TEX. PENAL CODE ANN. §28.03(a)(2). A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. *Id.* at §7.01(a). Each party to the offense may be charged with the commission of the offense. *Id.* at §7.01(b). A person is criminally responsible for an offense committed by the conduct of another if, acting with the intent to promote or assist the commission of the offense, "he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* at §7.02(a)(2).

Here, Braun testified appellant did not have consent to be on the roof or to dismantle the air conditioning units. The evidence shows officers first saw a man, dressed in black, pacing the roof. When the officers approached the man, he tried to escape, jumping over the edge of the roof. Appellant was later found, lying next to an air conditioning unit on the roof of an office building on an early Sunday morning. He wore dark clothing and dark gloves. A bolt cutter was found on the roof, along with a backpack that held a pry bar, socket wrenches, and sockets. Alcorn agreed that a bolt cutter, pry bar and socket wrenches "are the types of items that could have used to cause the damage" he saw on the roof. Several of the units had been damaged with the copper coils pulled out of them. Some of the coils were lying on the roof. Other units had been cut, but the copper "hadn't been jerked out of the units yet." A proposal to replace the units with the exact same equipment was prepared by Alcorn in the amount of $210,359, pre-tax.

Having examined all the evidence in the light most favorable to the verdict, we conclude the evidence was sufficient to convict appellant of criminal mischief. *See Jackson v. Virginia*,

443 U.S. at 319; TEX. PENAL CODE ANN. §§7.01; 7.02(a)(2); 28.03(a)(2).  Therefore, we overrule appellant's sole issue on appeal and affirm the judgment of the trial court.


|  | /David L. Bridges/ |
|---|---|
| 120480F.P05 | DAVID L. BRIDGES<br>JUSTICE |



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KELVIN JONES, Appellant

No. 05-12-00480-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-45815-P.
Opinion delivered by Justice Bridges.
Justices Moseley and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 19, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE